IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Robert Y. Uren, )
    Petitioner, )
)
v. ) 1:10cv547 (LMB/IDD)
)
Director of Virginia DOC, )
    Respondent. )

MEMORANDUM OPINION

Robert Y. Uren, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions pursuant to a guilty plea in the Circuit Court for the City of Portsmouth, Virginia to charges of aggravated malicious wounding and malicious wounding. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Uren was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a reply. For the reasons that follow, Uren's claims will be dismissed.

I. Background

Uren attended a house party in Portsmouth, Virginia on July 22, 2000, and a fight broke out as the party was ending. See Cir. Ct. Tr., Dec. 19, 2000, at 6-7, ECF No. 8-6. Uren hit Jeffrey Olson with a golf club during the fight, which fractured Olson's skull, exposing his brain and causing him to immediately lose his ability to speak. Id. at 7-8, 38. Uren then chased Jeffrey Kirk down the driveway into the street and beat him with the golf club while Kirk shielded his head with his elbows. Id. at 8. Kirk's injuries required stitches and two months of

1

physical therapy, while Olson suffered from short term memory loss due to a depressed skull fracture that required several hours of surgery to remove bone fragments from his brain. Id. at 8-9.

On December 19, 2000, Uren pled guilty in the Circuit Court for the City of Portsmouth, Virginia to aggravated malicious wounding and malicious wounding. Commonwealth v. Uren, Case Nos. CR00002229-01, CR00002230-01. On February 21, 2001, the court sentenced him to thirty-five years imprisonment for aggravated malicious wounding and five years imprisonment for malicious wounding. See Cir. Ct. Op. & Order, at 94, ECF No. 8-4. Uren filed a motion to reconsider the sentence, which was denied. See Pet. for Appeal, at 5, ECF No. 8-3. Uren pursued a direct appeal to the Court of Appeals of Virginia, arguing that the trial court erred by considering his family background at sentencing. The Court of Appeals denied the petition for appeal on September 27, 2001. Uren v. Commonwealth, R. No. 0669-01-1 (Va. Ct. App. Sept. 27, 2001); see Va. Ct. App. Op., ECF No. 8-2. On March 25, 2002, the Supreme Court of Virginia refused Uren's petition for appeal. Uren v. Commonwealth, R. No. 012378 (Va. March 25, 2002); see Va. Sup. Ct. Op., ECF No. 8-3.

Uren then filed a petition for writ of habeas corpus in the Circuit Court for the City of Portsmouth, Virginia, arguing that (1) the trial court failed to follow mandatory statutory notice provisions regarding notice to his parents, (2) the trial court's prior dealings with Uren's family, consideration of juvenile charges, and comments at sentencing showed bias, (3) law enforcement obtained evidence against Uren as a result of his illegal detention, (4) Uren's sentence was excessive because it exceeded the recommendations made to the court, and (5) Uren received ineffective assistance of counsel. See Cir. Ct. Op. & Order, at 94-98, ECF No. 8-4. The court dismissed the petition on March 19, 2009. Uren v. Page True, Warden, Case No. CL03000856-

00. Uren appealed to the Supreme Court of Virginia, which refused the appeal on February 22, 2010. Uren v. Page True, Warden, R. No. 091361; see Va. Sup. Ct., at 9, ECF No. 8-5. On May 19, 2010, Uren filed the instant federal habeas petition, raising the following claims:

> (1) The trial court failed to follow mandatory notice provisions regarding notice to petitioner's parents.
>
> (2) The trial court exhibited bias at sentencing.
>
> (3) Petitioner's Fourth Amendment rights were violated by law enforcement.
>
> (4) The trial court imposed an excessive sentence in violation of the Eighth Amendment.
>
> (5) Counsel rendered ineffective assistance by (a) failing to raise and preserve the issues of lack of notice to petitioner's father and lack of jurisdiction, (b) failing to object to prejudicial statements at the sentencing hearing and failing to move for the trial judge to recuse himself, (c) representing petitioner and his co-defendant simultaneously, which was an actual conflict of interest, (d) failing to properly investigate, and (e) allowing petitioner to enter a guilty plea without a plea agreement or sentencing recommendation from the Commonwealth, which means that the guilty plea was not knowing, intelligent, and voluntary.

## II. Procedural Default

Claims (1), (2), and (3) are barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal

3

courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

On direct appeal, the Supreme Court of Virginia dismissed claim (2) as defaulted pursuant to Rule 5A:18, which bars consideration of arguments that were not presented to the trial court. See Va. Sup. Ct. Op., ECF No. 8-3; Va. Ct. App. Op., ECF No. 8-2; see also Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground"). Rule 5A:18 constitutes an independent and adequate state ground for denying relief. See Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999). Additionally, when reviewing Uren's state habeas petition, the Supreme Court of Virginia dismissed claims (1), (2), and (3) as defaulted pursuant to Rule 5:17(c) of the Rules of the Virginia Supreme Court, see Va. Sup. Ct., at 9, ECF No. 8-5, which requires a petitioner to list the specific errors in the lower court proceedings on which he wishes to rely and also constitutes an independent and adequate state ground for denying relief. See Hedrick v. True. 443 F.3d 342, 360-63 (4th Cir. 2006).

Respondent raised the issue of procedural default in the Brief in Support of Motion to Dismiss, and Uren was provided the opportunity to show cause why claims (1), (2), and (3) should not be dismissed as procedurally defaulted. See Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal). In his reply, Uren argues that claim (1) is not procedurally defaulted, but does not make an argument as to cause and prejudice or a fundamental miscarriage of justice. See Reply 5, ECF No. 11. He argues that the state habeas court denied claim (2) on the merits

4

rather than relying on a procedural default doctrine. See Reply 6, ECF No. 11. Finally, Uren argues that claim (3) should not be dismissed as procedurally defaulted because the ineffective assistance of counsel that he received constitutes cause for his procedural default, and the lengthy sentence he received constitutes prejudice. See Reply 9, ECF No. 11. He further argues that there is a fundamental miscarriage of justice because his convictions are void ab initio. See id.

Uren's arguments that claims (1) and (2) are not procedurally defaulted are without merit. Moreoever, Uren cannot rely upon the ineffectiveness of his counsel to excuse his procedural default of claim (3) because, as will be discussed, his ineffective assistance of counsel claim is without merit. Therefore, claims (1), (2), and (3) will be dismissed as procedurally defaulted. Because Uren exhausted claims (4) and (5) as required under 28 U.S.C. § 2254, they will be reviewed on the merits.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ

should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## IV. Analysis

### A. Claim (4): Excessive Sentence in Violation of the Eighth Amendment

Uren argues that his sentence to forty years of imprisonment is excessive and violates his right against cruel and unusual punishment under the Eighth Amendment. The circuit court rejected this claim on the merits, and the circuit court's reasoning is imputed to the Supreme Court of Virginia, which refused the appeal "on the merits" without further explanation. See Ylst, 501 U.S. at 803. Specifically, the circuit court rejected this claim by discussing and applying the standard from Ewing v. California, 538 U.S. 11, 20 (2003). The court reasoned that "the trial judge acted within his discretion and imposed a sentence within the range prescribed by statute[, and n]either the sentence imposed nor the judge's exercise of his discretion in imposing the sentence violated the Eighth Amendment's protections against cruel and unusual punishment." See Cir. Ct. Op. & Order, at 98-99, ECF No. 8-4. In reviewing the state court's decision as to claim (4), Uren fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

In Ewing, the Supreme Court held that "[t]he Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" 538 U.S. at 20 (citations omitted). The Court reasoned that "the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime," but recognized that "successful challenges to the proportionality of particular [noncapital] sentences have been exceedingly rare." Id. at 21. The Court emphasized that "federal courts should be reluctant to review legislatively mandated terms of imprisonment" because the Eighth Amendment "forbids only extreme sentences." Id. at 22-23 (citations omitted).

Here, Uren has not demonstrated that his sentences of thirty-five years imprisonment for aggravated malicious wounding and five years imprisonment for malicious wounding were grossly disproportionate to the severity of these crimes. Under Virginia law, the statutory maximum for aggravated malicious wounding is life in prison, and the term imposed must not be less than twenty years. See Va. Code §§ 18.2-51; 18.2-51.2; 18.2-10; see also Cir. Ct. Op. & Order, at 98, ECF No. 8-4. The statutory sentence for malicious wounding is not less than five years but not more than twenty years imprisonment. See Va. Code §§ 18.2-51; 18.2-51.2; 18.2-10. Uren's sentences thus fell within the range of sentences available under Virginia law for these crimes. Because these sentences are not "extreme" or "grossly disproportionate to the severity of the crime," Uren has failed to demonstrate that his Eighth Amendment rights have been violated. See Ewing, 538 U.S. at 21, 23. Therefore, the Supreme Court of Virginia's dismissal of claim (4) was not contrary to, or an unreasonable application of, federal law, and claim (4) will be dismissed.

B. Claim (5): Ineffective Assistance of Counsel

Uren argues he received ineffective assistance when his attorney (a) failed to raise and preserve the issues of lack of notice to petitioner's father and lack of jurisdiction, (b) failed to object to prejudicial statements at the sentencing hearing and failing to move for the trial judge to recuse himself, (c) represented petitioner and his co-defendant simultaneously, which was an actual conflict of interest, (d) failed to properly investigate, and (e) allowed petitioner to enter a guilty plea without a plea agreement or sentencing recommendation from the Commonwealth, which means that the guilty plea was not knowing, intelligent, and voluntary. The Supreme Court of Virginia rejected these claims "on the merits" without further explanation. See Va. Sup. Ct., at 9, ECF No. 8-5.

1. Claims (5)(a), (c), and (d)

Claims (a), (c), and (d) are barred by the rule from Tollett v. Henderson, 411 U.S. 258, 266-67 (1973), which states that a criminal defendant who enters a guilty plea "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" except claims of ineffective assistance that attack the voluntary and intelligent character of the guilty plea. Therefore, the Supreme Court of Virginia's dismissals of claims (a), (c), and (d) were not contrary to, or an unreasonable application of, federal law.

2. Claims (5)(b) and (e)

Additionally, the Supreme Court of Virginia's dismissals of claims (b) and (e) were not contrary to, or an unreasonable application of, federal law because these claims fail to satisfy the standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, a petitioner must show that (1)

8

"counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. To prevail, a petitioner "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a

plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

In claim (5)(b), Uren argues that counsel rendered ineffective assistance at the sentencing hearing for failing to object to the trial court's allegedly prejudicial statements or to ask the judge to recuse himself. As recognized by Uren's trial counsel in the affidavit he filed for Uren's state habeas proceeding, the trial court's statements provided no basis for recusal and did not evidence prejudice, especially because the comments that Uren finds objectionable were made at the conclusion of the sentencing hearing after the judge had reviewed all of the relevant evidence. See Kozak Aff., at 86, ECF No. 8-4; see also United States v. Grinnell Corp., 384 U.S. 563, 583 (1996) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case"). Because counsel cannot be ineffective for failing to make an objection that had no basis in the law, claim (5)(b) fails to satisfy the performance prong of the Strickland standard and will be dismissed. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) ("Counsel is not required to engage in the filing of futile motions.") (citation omitted).

Claim (5)(e) also fails because Uren does not demonstrate that counsel rendered ineffective assistance by allowing him to enter the guilty plea. The record demonstrates that Uren told the trial court that he understood the rights he was giving up by pleading guilty, including all of his statutory and constitutional rights except the right to attack the trial court's jurisdiction. See Cir. Ct. Tr., Dec. 19, 2000, at 2-5, ECF No. 8-6. The trial court asked Uren if he knew the maximum sentence he could receive, and Uren stated that it was "life plus twenty." Id. at 5. Uren also indicated that he was satisfied with the performance of his attorney and he understood all of the questions the trial court had asked him. Id. at 5-6. The trial court found

Uren to have entered his pleas intelligently and voluntarily, and Uren has not presented clear and convincing evidence to rebut these factual findings. See Beck, 261 F.3d at 396. Therefore, Uren has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 696 ("...the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged"). Accordingly, claim (5)(e) will be dismissed.

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 24th day of March 2011.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia